Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DAVID HAJIME BROWN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DAVID HAJIME BROWN,<br><br>                              Plaintiff,<br><br>       v.<br><br>TIMOTHY KRANTZ, an individual; and OLYMPIA FINANCIAL, LLC, a California limited liability company,<br><br>                              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>California Civil Code § 1812.700 *et seq.* |

Plaintiff, DAVID HAJIME BROWN (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

/ / /

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.    This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V.  PARTIES

8.    Plaintiff, DAVID HAJIME BROWN (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California at all relevant times.   Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.    Defendant, TIMOTHY KRANTZ (hereinafter "KRANTZ"), is a natural person and licensed attorney in the state of California.  KRANTZ may be served at his current business address at: Timothy Krantz, Law Office of Timothy Krantz, 2082 Michelson Drive, Suite 212, Irvine, California

92612.  The principal purpose of KRANTZ's business is the collection consumer debts due or alleged to be due another.  KRANTZ is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  KRANTZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  KRANTZ is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

10.    Defendant, OLYMPIA FINANCIAL, LLC (hereinafter "OLYMPIA"), is a California limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 2082 Michelson Drive, Suite 212, Irvine, California 92612.  OLYMPIA may be served as follows: Olympia Financial, LLC, c/o Timothy Krantz, Agent for Service of Process, 2082 Michelson Drive, Suite 212, Irvine, California 92612.  The principal business of OLYMPIA is the collection of defaulted consumer debts using the mails and telephone, and OLYMPIA regularly attempts to collect defaulted consumer debts alleged to be originally due another.  OLYMPIA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  OLYMPIA is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  OLYMPIA is vicariously liable to Plaintiff for the acts of KRANTZ.[2]

11.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to

---

[2]   See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Chase Bank USA, N.A. (hereinafter "the alleged debt").   The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.    Plaintiff is informed and believes, and thereon alleges that Chase Bank USA, N.A., is a national banking association with its principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

14.    Plaintiff is informed and believes, and thereon alleges that the Cardmember Agreement between Plaintiff and Chase Bank USA, N.A., governing the alleged debt states in relevant part as follows:

> Governing Law: The terms and enforcement of this Agreement and your account shall be governed and interpreted in accordance with federal law and, to the extent state law applies, the Law of Delaware, without regard to conflict-of-law principles.  The law of Delaware, where we and your account are located, will apply no matter where you live or use the account.

15.    The Delaware statute of limitations to recover on a debt or promise is three years from the date of breach.[3]

16.    Plaintiff is informed and believes, and thereon alleges that the last payment on the alleged debt was received by Chase Bank USA, N.A., on August 19, 2009.

17.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was allegedly sold, assigned or otherwise transferred to Defendant OLYMPIA for collection from Plaintiff.

---

[3]  See, 10 Del. Code § 8106; *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 4 (Cal. Super. Ct. 2009) ("Under Delaware law, the statute of limitations for breach of contract is three years.").

18.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, referred or otherwise transferred to Defendant KRANTZ for collection from Plaintiff.

19.    Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

21.    The collection letter (Exhibit "1") is dated October 29, 2012.

22.    The collection letter (Exhibit "1") was sent in an envelope on which a postage cancellation stamp dated October 30, 2012, was imprinted.

23.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about October 30, 2012.

24.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

25.    The collection letter (Exhibit "1") misrepresented the character, amount and legal status of the debt.

26.    Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

27.    The collection letter (Exhibit "1") states, in relevant part:

Please be advised that my client intends to file suit against you after the above 30 day period if you do not dispute the debt and you fail to contact me within the above mentioned 30 day period to discuss resolution of this matter.

28.    Plaintiff is informed and believes, and thereon alleges that Defendants have not

taken any legal action as threatened in the collection letter (Exhibit "1").

29.   Plaintiff is informed and believes, and thereon alleges that Defendants did not intend to take any legal action when the collection letter (Exhibit "1") was sent to Plaintiff.

30.   The collection letter (Exhibit "1") represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

31.   The collection letter (Exhibit "1") represented or implied that Defendants could and would file a lawsuit against Plaintiff – a lawsuit that Defendants knew was barred by the applicable statute of limitations.

32.   The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

33.   On or about November 13, 2012, Plaintiff mailed a letter to Defendants which stated, in relevant part:

> Until advised otherwise, you should mark this account as "disputed," pursuant to 15 U.S.C. §§ 1692e(8), and 1692g(b).

34.   A true and accurate copy of Plaintiff's cease and desist letter disputing the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

35.   Defendants received Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2") on or about November 15, 2012.

36.   A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

37.   Thereafter, on or about November 20, 2012, Defendants sent a second collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38.   A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

39.   The second collection letter (Exhibit "4") misrepresented the character, amount and legal status of the debt.

40.   Plaintiff is informed and believes, and thereon alleges that the second collection letter (Exhibit "4") attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

41.   The second collection letter (Exhibit "4") states, in relevant part, "we will proceed to file suit against you to collect the debt that is owed regarding the above referenced account."

42.   Plaintiff is informed and believes, and thereon alleges that Defendants have not taken any legal action as threatened in the second collection letter (Exhibit "4").

43.   Plaintiff is informed and believes, and thereon alleges that Defendants did not intend to take any legal action when the second collection letter (Exhibit "4") was sent to Plaintiff's counsel.

44.   The second collection letter (Exhibit "4") represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

45.   The second collection letter (Exhibit "4") represented or implied that Defendants could and would file a lawsuit against Plaintiff – a lawsuit that Defendants knew was barred by the applicable statute of limitations.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

46.   Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

47.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

48.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

49.     Defendant, OLYMPIA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

50.     Defendant, KRANTZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

51.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

52.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

      a.     Defendants made and used false, deceptive, and misleading representations in an attempt to collect a defaulted consumer debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

      b.     Defendants misrepresented the character, amount, and legal status of the defaulted consumer debt, in violation of 15 U.S.C. § 1692e(2)(A);

      c.     Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the defaulted consumer debt, in violation of 15 U.S.C. § 1692e(2)(B);

      d.     Defendants falsely threatened the imminent filing of a lawsuit with the intent to annoy, harass, and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

e.   Defendants falsely represented that Defendants could and would file a lawsuit against Plaintiff to collect the defaulted consumer debt originally owed to Chase Bank USA, N.A., an action that could not legally be taken and that was not intend to be taken by Defendants, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f;

f.   Defendants threatened to file a lawsuit against Plaintiff that Defendants knew was barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f; and

g.   Defendants attempted to collect interest, fees, or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

53.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

55.   Plaintiff brings the second claim for relief only against Defendant, OLYMPIA, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

56.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

58.   Defendant, OLYMPIA, is a "debt collector" as that term is defined by the

- 10 -
COMPLAINT

RFDCPA, Cal. Civil Code § 1788.2(c).

59.   The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

60.   OLYMPIA has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.   OLYMPIA made and used false, deceptive, and misleading representations in an attempt to collect a defaulted consumer debt, in violation of Cal. Civil Code § 1788.17;[4]

b.   OLYMPIA misrepresented the character, amount, and legal status of the defaulted consumer debt, in violation of Cal. Civil Code § 1788.17;[5]

c.   OLYMPIA misrepresented the compensation which may be lawfully received by OLYMPIA for the collection of the defaulted consumer debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b), and 1788.17;[6]

d.   OLYMPIA falsely threatened the imminent filing of a lawsuit with the intent to annoy, harass, and abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[7]

e.   OLYMPIA falsely represented that OLYMPIA could and would file a lawsuit against Plaintiff to collect the defaulted consumer debt originally owed to Chase Bank USA, N.A., an action that could not legally be taken and that was not intend to be taken by OLYMPIA, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[8]

f.   OLYMPIA threatened to file a lawsuit against Plaintiff that OLYMPIA knew was barred by the applicable statute of limitations, in violation of Cal. Civil Code §§

---

[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. § 1692e(2)(A).
[6] 15 U.S.C. § 1692e(2)(B).
[7] 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

1788.13(j) and 1788.17;[9] and

g.   OLYMPIA attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b), and 1788.17.[10]

61.   OLYMPIA's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

62.   As a result of OLYMPIA's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against OLYMPIA, pursuant to Cal. Civil Code § 1788.30(b).

63.   As a result of OLYMPIA's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against OLYMPIA, pursuant to Cal. Civil Code § 1788.17.[11]

64.   As a result of OLYMPIA's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[12]

65.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**CALIFORNIA CONSUMER COLLECTION NOTICE**

66.   Plaintiff brings the third claim for relief against Defendants under California Civil

---

[9]  15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.
[10]  15 U.S.C. § 1692f(1).
[11]  15 U.S.C. § 1692k(a)(2)(A).
[12]  15 U.S.C. § 1692k(a)(3).

Code §§ 1812.700-1812.702.

67.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

68.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

69.    Defendant, OLYMPIA, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

70.    Defendant, KRANTZ, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

71.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

72.    Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

73.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

74.    As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[13]

75.    As a result of Defendants' violations of  Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000)

---

[13]  Cal. Civil Code § 1788.30(b).

against each Defendant, pursuant to Cal. Civil Code § 1812.702.[14]

76. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[15]

77. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.30(c) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c. Declare that Defendant, OLYMPIA, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(j), 1788.14(b), and 1788.17;

d. Declare that Defendants violated Cal. Civil Code § 1812.700(a);

e. Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against OLYMPIA, pursuant to Cal. Civil Code § 1788.30(b);

g. Award Plaintiff statutory damages in an amount not exceeding $1,000 against OLYMPIA, pursuant to Cal. Civil Code §1788.17;[16]

h. Award Plaintiff a statutory penalty in an amount not less than $100 nor

---

[14] Cal. Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[15] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).
[16] 15 U.S.C. § 1692k(a)(2)(A).

greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[17]

       i.    Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[18]

       j.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

       k.    Award Plaintiff such other and further relief as may be just and proper.


             CONSUMER LAW CENTER, INC.


             By: /s/ Fred W. Schwinn
                 Fred W. Schwinn, Esq.
                 Attorney for Plaintiff
                 DAVID HAJIME BROWN

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

             /s/ Fred W. Schwinn
             Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID HAJIME BROWN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

             /s/ Fred W. Schwinn
             Fred W. Schwinn, Esq.

---

[17]  Cal. Civil Code § 1788.30(b).
[18]  Cal. Civil Code § 1788.17 incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).